[Cite as *State v. Roberts*, 2019-Ohio-4393.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 19CA0004-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM C. ROBERTS | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 16CR0733 |

DECISION AND JOURNAL ENTRY

Dated: October 28, 2019

CALLAHAN, Presiding Judge.

**{¶1}** Appellant, William C. Roberts, appeals his convictions after entering a guilty plea. This Court affirms.

I.

**{¶2}** Mr. Roberts pleaded guilty to kidnapping in violation of R.C. 2905.01(A)(5), accompanied by a sexually violent predator specification pursuant to R.C. 2941.148 and a sexual motivation specification pursuant to R.C. 2941.147, and to rape in violation of R.C. 2907.02(A)(2), accompanied by a sexually violent predator specification pursuant to R.C. 2941.148. The trial court sentenced him to consecutive terms of ten years to life in prison on each count, and Mr. Roberts appealed.

II.

**ASSIGNMENT OF ERROR NO. 1**

APPELLANT DID NOT ENTER HIS GUILTY PLEA KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY BECAUSE THE TRIAL COURT

FAILED TO PROPERLY INFORM HIM OF THE MAXIMUM PENALTIES
AS REQUIRED BY CRIM.R. 11(C)(2)(A).

{¶3} In his first assignment of error, Mr. Roberts argues that his guilty plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to inform him that his aggregate sentence could total twenty years to life in prison. He has also argued that the trial court's failure to do so violated Crim.R. 11(C)(2).

{¶4} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). In Ohio, the process for accepting pleas of guilty or no contest to felony charges is governed by Crim.R. 11(C). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 8. Crim.R. 11(C)(2) sets forth the colloquy that the trial court must engage in with the defendant:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Trial courts must strictly comply with the constitutional components of the colloquy, which are set forth in Crim.R. 11(C)(2)(c). *Veney* at ¶ 18-21. On the other hand, substantial compliance with the requirements of Crim.R. 11(C)(2)(a) and (b) is required. *Veney* at ¶ 14-17.

{¶5} Under Crim.R. 11(C)(2)(a), a trial court must "[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.]" This is not a constitutional requirement. *See Veney* at ¶ 14-17. In addition, in *State v. Johnson*, 40 Ohio St.3d 130 (1988), the Ohio Supreme Court considered whether a defendant must be informed of the aggregate total prison term at issue and clarified that when a defendant pleads guilty to multiple offenses, "neither the United States Constitution nor the Ohio Constitution requires that in order for a guilty plea to be voluntary a defendant must be told the maximum total of the sentences he faces[.]" *Id*. at 133. Mr. Roberts' constitutional argument is, therefore, not well-taken.

{¶6} In *Johnson*, the Supreme Court also considered whether failure to inform a defendant of the aggregate total prison term violated Crim.R. 11(C). With respect to the mandates of Crim.R. 11(C)(2)(a), the Court concluded that a trial court complies with the Rule by informing a defendant of the maximum sentence for each of the individual crimes with which he is charged. *Id*. at 134. The Court held that "[f]ailure to inform a defendant * * * that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary." *Id*. at syllabus. A three-judge plurality of the Ohio Supreme Court recently questioned the applicability of *Johnson* under the current version of Crim.R. 11(C). *See State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 14-17. In *Bishop*, however, the question at hand was not whether Crim.R. 11(C)(2)(a) requires a defendant to be informed of the aggregate maximum prison term, and the

plurality took care to note that "what happened to the defendant in *Johnson* is a far cry from what happened" to the defendant in *Bishop*. *Bishop* at ¶ 16. Instead, *Bishop* addressed a specific question: whether a defendant who pleads guilty to a new felony committed while on postrelease control must also be informed of the consequences that could result from the postrelease control violation during the plea colloquy. *Bishop* at ¶ 14-17.

**{¶7}** Mr. Roberts' argument falls squarely under *Johnson* and, because postrelease control was not a consideration, the concerns expressed in the plurality opinion in *Bishop* do not apply in this case. Accordingly, Mr. Roberts' argument that Crim.R. 11(C)(2)(a) required the trial court to inform him of the aggregate maximum sentence that he could face is also not well-taken.

**{¶8}** Mr. Roberts' first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED BY ORDERING CONVICTIONS AND A CONSECUTIVE SENTENCE FOR SEPARATE COUNTS BECAUSE THE TRIAL COURT FAILED TO MAKE A PROPER DETERMINATION AS TO WHETHER THOSE OFFENSES ARE ALLIED OFFENSES PURSUANT TO R.C. 2941.25 AND THEY ARE PART OF THE SAME TRANSACTION UNDER R.C. 2929.14.

**{¶9}** In his second assignment of error, Mr. Roberts argues that the trial court erred by failing to merge his convictions for rape and kidnapping for purposes of sentencing. Because Mr. Roberts did not raise this issue in the trial court, he has forfeited all but plain error for purposes of appeal. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22-25.

**{¶10}** Crim.R. 52(B) permits this Court to notice plain errors or defects that affected a substantial right in the absence of an objection in the trial court. This Court can only notice plain error when there has been a deviation from a legal rule that constitutes an obvious defect in the trial proceedings that affected the outcome. *Rogers* at ¶ 22, citing *State v. Barnes*, 94 Ohio St.3d

21, 27 (2002). A defendant who alleges plain error in the context of allied offenses must show prejudice by "demonstrat[ing] a reasonable probability that his convictions constituted allied offenses of similar import." *Rogers* at ¶ 29. This Court notices plain error only in exceptional circumstances to prevent a manifest miscarriage of justice. *Rogers* at ¶ 23, quoting *Barnes* at 27, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶11} "Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph three of the syllabus. The Ohio Supreme Court has observed that "implicit within every forcible rape * * * is a kidnapping." *State v. Logan*, 60 Ohio St.2d 126, 130 (1979). That is not to say, however, that every kidnapping charge that accompanies a rape charge is implicit therein: under *Ruff*, when rape and kidnapping are committed separately or with separate animus, they are not allied offenses. *See Ruff* at syllabus.

{¶12} Mr. Roberts has not demonstrated a reasonable probability that his convictions for rape and kidnapping constituted allied offenses of similar import. The facts placed on the record prior to sentencing indicate that Mr. Roberts and his accomplice kidnapped the minor victim in this case from her school and held her captive in his vehicle. He raped her during this time period, then continued to hold her captive while he fled from the police. This course of events does not describe an act of kidnapping implicit in the act of forcible rape, but kidnapping committed separately or with separate animus. *See id.*

{¶13} Mr. Roberts' second assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED BY ORDERING APPELLANT TO SERVE A CONSECUTIVE SENTENCE WITHOUT MAKING THE APPROPRIATE FINDINGS REQUIRED BY R.C. 2929.14 AND HB 86.

{¶14} Mr. Roberts' third assignment of error argues that the trial court erred by ordering his sentences to be served consecutively without finding that consecutive sentences were justified under R.C. 2929.14(C)(4). This Court disagrees.[1]

{¶15} This Court may modify or vacate a felony sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. R.C. 2929.14(C)(4) requires trial courts to make certain findings before imposing consecutive sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

---

[1] The Reagan Tokes Law, Am.Sub.S.B. No. 201, 2018 Ohio Laws 157, effective March 22, 2019, made substantive amendments to Ohio's felony sentencing statutes with respect to felonies of the first and second degree committed after the effective date of the amendments. Those changes are not at issue in this appeal.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

In order to impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. If a trial court fails to make the findings required by R.C. 2929.14(C)(4), prison terms must be served concurrently. *Id.* at ¶ 23, citing R.C. 2929.41(A). A trial court is not, however, required to explain its findings before imposing consecutive sentences. *Bonnell* at syllabus. "[T]he record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences[,]" but "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 28-29.

{¶16} In this case, the trial court made each of the findings required by R.C. 2929.14(C)(4) before imposing sentence in language that mirrored that of the statute, and those findings are reflected in the trial court's sentencing entry as well. *See Bonnell* at syllabus. The trial court did not err by ordering Mr. Roberts to serve his sentences consecutively.

{¶17} Mr. Roberts' third assignment of error is overruled.

III.

{¶18} Mr. Roberts' three assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

THOMAS REIN, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.