**[Cite as *State v. Gray*, 2021-Ohio-1227.]**

STATE OF OHIO        )               IN THE COURT OF APPEALS
                      )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE     )

STATE OF OHIO                      C.A. No.      20AP0019

     Appellee

     v.                                 APPEAL FROM JUDGMENT
                                 ENTERED IN THE
SETH GRAY                        COURT OF COMMON PLEAS
                                 COUNTY OF WAYNE, OHIO
     Appellant                CASE No.     2020 CRC-I 000054

DECISION AND JOURNAL ENTRY

Dated: April 12, 2021

---

SUTTON, Judge.

**{¶1}** Defendant-Appellant, Seth Gray, appeals the judgment of the Wayne County Court of Common Pleas on the basis that his guilty plea was not knowingly, voluntarily, and intelligently entered. For the reasons that follow, this Court affirms the decision below.

## I.

### **Indictment and Pleas**

**{¶2}** On January 21, 2020, Mr. Gray was indicted on one count of Unlawful Sexual Conduct with a Minor, in violation of R.C. 2907.04(A), a felony of the fourth degree. Initially, on February 5, 2020, Mr. Gray, through counsel, waived his right to an arraignment and entered a plea of "not guilty." On May 11, 2020, Mr. Gray changed his plea to "guilty," and the trial court ordered a presentence investigation ("PSI") and set a date for sentencing.

**May 11, 2020 Change of Plea Hearing**

{¶3}   At the May 11, 2020 change of plea hearing, Mr. Gray, represented by counsel Jessica Kenepp, engaged in a colloquy, or oral dialogue, with the trial court.  The relevant portions of the colloquy are:

* * *

MS. KENEPP:   * * * I've discussed this matter with Mr. Gray.   It's my understanding today it is his intention to plead guilty to the indictment, the Unlawful Sexual Conduct with a Minor, a 4th degree felony.  *I have advised Mr. Gray that this offense does carry a sex offense registration requirement that would be a Tier II classification requiring him to register every 180 days for 25 years.*

THE COURT:  And Mr. Gray, you understand what's taking place here today?

SETH GRAY:  Yes.

THE COURT:  And that's what you wish to do is to change your plea from one of not guilty to guilty on this Count?

SETH GRAY:  Yes, sir.

* * *

THE COURT:  And you understand the allegations to which you're pleading guilty today?

SETH GRAY:  Yes, sir.

THE COURT:  Count One alleges on or about October 16, 2019 you were 18 years of age or older and that you did engage in sexual conduct with another person, that being A.H., date of birth May 6, 2005, who was not your spouse and you knew that the other person was 13 years of age or older but less than 16 years of age or you were reckless in that regard.  Furthermore, you were at least four years older than her with whom you engaged in sexual conduct.  It's commonly known as Unlawful Sexual Conduct with a Minor.  It's a felony of the fourth degree.  Do you understand Count One?

SETH GRAY:  Yes, sir.

* * *

THE COURT:  *And you understand a felony of the 4th degree carries up to 18 months in prison, up to a $5,000 fine or both*?

SETH GRAY:  Yes, sir.

\* \* \*

THE COURT:  *You also understand that since you are pleading guilty to a sexually oriented offense you will have to register as a Tier II sex offender at the appropriate time*?

SETH GRAY:  Yes, sir.

THE COURT:  All right, in front of you and your attorney is a document setting forth your plea.  Have you had an opportunity to review that with your attorney?

SETH GRAY:  Yes, sir.

THE COURT:  And you understand what it says?

SETH GRAY:  Yes, sir.

THE COURT:  Did you have any questions about it?

SETH GRAY:  No, sir.

THE COURT:  All right, if you wish to give up those rights and enter a guilty plea to Count One please sign the document where it says defendant and initial the other pages as well, please.  All right, Mr. Gray, for the Record then what plea do you wish to enter to Count One, Unlawful Sexual Conduct with a Minor, a felony of the 4th degree?

SETH GRAY:  Yes, Sir.

THE COURT:  What plea do you wish to enter?

SETH GRAY:  Guilty.

\* \* \*

The record further reflects that Mr. Gray signed a Plea of Guilty Criminal Rule 11(C) form, which stated, in relevant part:

> I am charged with a felony sex offense.  I understand that the offense with which I am charged will require that I report as a Tier II Sex Offender every 180 days for 25 years.  (If Tier III offender, community notification is required.)

**The June 17, 2020 Sentencing Hearing**

{¶4}    At the June 17, 2020 sentencing hearing, the victim's mother addressed the trial court, as well as Mr. Gray, indicating that Mr. Gray, "had no business talking to [the victim] in the first place.  She was 14 years old and then [Mr. Gray] premeditated [sic.].  [Mr. Gray] came there with an agenda.  [Mr. Gray] knew what [he was] doing."  Mr. Gray also addressed the trial court, along with the victim's family.  Mr. Gray stated, in relevant part, as follows:

\* \* \*

> To the family I am sorry for what has happened and everything.  It wasn't my intent for it to go as far as it did or for anything bad to have happened.  I didn't mean for [the victim] to get hurt.  If that was the outcome that wasn't my intentions at all.  I was just trying -- at first it was just pretty much being friends and raise her spirits[.]  And then did it go too far, yes.  Me and her did make mistakes that we shouldn't have.  I do apologize for that[.]

\* \* \*

{¶5}    After hearing testimony and reviewing the PSI report, the trial court sentenced Mr. Gray to 17 months in prison.  In so doing, the trial court stated in relevant part:

\* \* \*

> You also have to register as a Tier II sex offender.  That's required every six months for the next 25 years upon your release from prison.  So once you're released from prison you will need to register.

\* \* \*

**The June 18, 2020 Judgment Entry**

{¶6}    The trial court journalized Mr. Gray's sentence in the June 18, 2020 Judgment Entry, wherein it ordered, among other things, that Mr. Gray, "serve a stated term of **SEVENTEEN (17) MONTHS** in prison under Count 1, for the violation of R.C. 2907.04(A)."  The trial court also determined Mr. Gray "to be a **TIER II Sex Offender**."  (Emphasis in original.)

{¶7} It is from this Judgment Mr. Gray filed his Notice of Appeal, citing a single assignment of error.

II.

## ASSIGNMENT OF ERROR

**THE CONVICTION MUST NOT STAND AS THE PLEA WAS NOT [] KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY ENTERED.**

{¶8} In his sole assignment of error, Mr. Gray argues his guilty plea was not made knowingly, voluntarily, and intelligently and, thus, should be vacated because the trial court did not adequately explain, on the record, the full consequences of the sex offender registry, pursuant to Crim.R. 11(C)(2)(a), which is included in his maximum penalty.

{¶9} The State, in response, argues the trial court complied with Crim.R. 11(C)(2)(a) because it advised Mr. Gray of his requirement to register as a Tier II Sex Offender at the change of plea hearing, even though the trial court did not articulate each facet of being a Tier II Sex Offender. Further, the State argues Mr. Gray did not show any prejudice on the face of the record.

{¶10} Notably, both parties rely upon a recent Supreme Court of Ohio decision, *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, in making their respective arguments on appeal. This Court now addresses the merits of these arguments.

## Crim.R.11(C)(2)(a)

{¶11} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Roberts*, 9th Dist. Medina No. 19CA0004-M, 2019-Ohio-4393, ¶ 4, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "In Ohio, the process for accepting pleas of guilty or no contest to felony charges is governed by Crim.R. 11(C)." *Roberts* at ¶ 4, citing *State v. Veney*, 120 Ohio

St.3d 176, 2008-Ohio-5200, ¶ 8. Specifically, Crim.R. 11(C)(2) sets forth the colloquy a trial court must engage in with the defendant at a plea hearing:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶12}** In *Roberts, supra*, this Court explained:

> Trial courts must strictly comply with the constitutional components of the colloquy, which are set forth in Crim.R. 11(C)(2)(c). *Veney* at ¶ 18-21. On the other hand, substantial compliance with the requirements of Crim.R. 11(C)(2)(a) and (b) is required. *Veney* at ¶ 14-17.
>
> Under Crim.R. 11(C)(2)(a), a trial court must "[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.]" This is not a constitutional requirement. *See Veney* at ¶ 14-17.

*Roberts* at ¶ 4-5.

### *State v. Dangler*

**{¶13}** In *State v. Dangler*, *supra*, the Supreme Court of Ohio recently addressed whether a trial court's failure to separately go over the sex offender registration and in-person verification requirements, community-notification provisions, and residence restrictions imposed by the sex offender registration scheme when accepting a defendant's plea of no contest constituted a complete failure to comply with Crim.R.11(C)(2)(a).

**{¶14}** The relevant facts in *Dangler*, which are similar to those before this Court, are:

> Before accepting the plea, the trial court engaged Dangler in a plea colloquy. *The court instructed Dangler at the outset, "If I ask you a question that you do not understand, please stop me and I will rephrase it." The court told Dangler the maximum possible prison term and fine that could be imposed and further advised him, "You would also be obligated to register as a Tier III sex offender which*

*means you would have an obligation to register for your lifetime." Dangler replied that he understood. After explaining the constitutional rights Dangler was waiving by entering a plea, the trial court accepted Dangler's plea and entered a finding of guilty.*

(Emphasis added.) *Dangler* at ¶ 4. We note, however, that Mr. Dangler was sentenced as a Tier III Sex Offender, which mandates additional community notification provisions.

{¶15} In an effort to simplify an appellate courts' analysis of Crim.R. 11(C) issues, the *Dangler* Court reiterated the law as follows:

When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error.

We have made a limited exception to the prejudice component of that rule in the criminal-plea context. *When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required.* * * *

We have created one additional exception to the prejudice requirement: a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice. In *Sarkozy*, we held that the trial court had completely failed to comply with Crim.R. 11(C)(2)(a)'s requirement that it explain the maximum penalty when the court made *no mention of postrelease control in the plea colloquy, despite the fact the defendant was subject to a mandatory five* years of postrelease control.

Aside from these two exceptions, the traditional rule continues to apply: *a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C). The test for prejudice is "whether the plea would have otherwise been made."*

(Emphasis added.) (Internal citations omitted.) *Dangler* at ¶ 13-16. Importantly, the *Dangler* Court also provided a three-question test to aid our analysis:

(1) has the trial court complied with the relevant provision of [Crim.R. 11]? (2) if the [trial] court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id.* at ¶ 17.

{¶16} We now apply the *Dangler* test to the facts in this record.

### Application of *Dangler* Test to the Record

{¶17} In addressing the first *Dangler* question, whether the trial court complied with Crim.R. 11(C)(2)(a), regarding Mr. Gray's understanding of the maximum penalty involved with his guilty plea, we look to the May 11, 2020 plea colloquy. The trial court advised Mr. Gray as follows:

* * *

THE COURT: And you understand a felony of the 4th degree carries up to 18 months in prison, up to a $5,000 fine or both?

SETH GRAY: Yes, sir.

* * *

THE COURT: **You also understand that since you are pleading guilty to a sexually oriented offense you will have to register as a Tier II sex offender at the appropriate time?**

SETH GRAY: Yes, sir.

* * *

(Emphasis added.) As such, because the trial court did not indicate that, upon his release from prison, Mr. Gray would have to register as a Tier II Sex Offender every six months for the next 25 years, or any residency restrictions applicable to Mr. Gray, the trial court did not fully comply with Crim.R. 11(C)(2)(a).

{¶18} In addressing the second *Dangler* question, whether the trial court's purported failure to fully comply with Crim.R. 11(C)(2)(a) excuses Mr. Gray from having to prove prejudice, this Court engages in a two-part analysis regarding the exceptions to showing prejudice explained above.

{¶19} First, the record indicates that Mr. Gray did not challenge the trial court's compliance with Crim.R. 11(C)(2)(c), or the required constitutional components of the plea colloquy, in order to excuse a showing a prejudice. Second, even though the trial court fell short in its explanation of the Tier II Sex Offender requirements, the trial court certainly did not fully or completely fail to mention the Tier II Sex Offender registration requirements in its plea colloquy. *See State v. Sarkozy*, 117 Ohio St. 3d 86, 90, 2008-Ohio-509, ¶ 22, ("The trial court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether postrelease control was mandatory or discretionary. Rather, the court failed to mention postrelease control *at all* during the plea colloquy. Because the trial court failed, before it accepted the guilty plea, to inform the defendant of the mandatory term of postrelease control, which was a part of the maximum penalty, the court did not meet the requirements of Crim.R. 11(C)(2)(a). **A complete failure to comply with the rule does not implicate an analysis of prejudice**.") (Emphasis added.) As such, because Mr. Gray's appeal does not involve the constitutional requirements in Crim.R.11(C)(2)(c), and the trial court did not fully fail to mention the Tier II Sex Offender registration requirements during the plea colloquy, Mr. Gray must show prejudice on the face of the record.

{¶20} In addressing the third *Dangler* question, whether Mr. Gray has met the burden of showing prejudice, this Court again looks to the record. In his brief, Mr. Gray argues that prejudice is "readily apparent" from the record because "at sentencing nothing was said in support of [Mr. Gray], even by his attorney. If [Mr. Gray] had not been attempting to preserve his Fifth Amendment right to remain silent due to his involuntary guilty plea, statements would have been made on his behalf." However, as stated in *Dangler*, the test for prejudice is "whether the plea would have otherwise been made." *Dangler* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108

(1990). Importantly, Mr. Gray did not assert that, but for the trial court's failure to fully inform him about the Tier II Sex Offender requirements, he would not have plead guilty to this crime. Instead, Mr. Gray argues that, but for the trial court's failure to fully inform him about the Tier II Sex Offender requirements, he and/or his attorney would have made favorable statements on his behalf at sentencing.

{¶21} The record indicates that, in spite of the trial court's incomplete explanation, Mr. Gray had knowledge, prior to sentencing, that Tier II Sex Offenders must register every 6 months for 25 years. Ms. Kenepp, Mr. Gray's counsel, stated she advised him of this requirement, and the Plea of Guilty Criminal Rule 11(C) form, with Mr. Gray's signature, contained the same information. Armed with this knowledge, Mr. Gray did not have to plead guilty to a felony sex offense. Further, Mr. Gray's only argument regarding prejudice fails because Mr. Gray, in fact, spoke on his own behalf at the sentencing hearing. As detailed above, prior to sentencing, Mr. Gray addressed the victim's family, as well as the trial court. In so doing, Mr. Gray apologized for his actions, admitted he "went too far," and attempted to implicate the victim in certain "mistakes." Indeed, the record wholly precludes Mr. Gray's argument regarding a preservation of his Fifth Amendment rights and any alleged prejudice in this regard.

{¶22} Thus, because there is nothing in the record to support a conclusion that Mr. Gray would not have entered his plea if the trial court had been more detailed in its explanation regarding the Tier II Sexual Offender registration requirements, Mr. Gray's sole assignment of error is not well-taken and is overruled.

III.

{¶23} Based upon the foregoing, Mr. Gray's sole assignment of error is overruled and the judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MARY CATHERINE CORRIGAN, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.