**[Cite as *State v. Genung*, 2026-Ohio-430.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

KIMBERLY GENUNG

    Appellant

C.A. No.    31380

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2023-11-3762

DECISION AND JOURNAL ENTRY

Dated: February 11, 2026

---

FLAGG LANZINGER, Presiding Judge.

{¶1} Kimberly Genung appeals from the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} A grand jury indicated Genung on one count of aggravated trafficking in drugs, and one count of aggravated possession of drugs. The count for aggravated trafficking in drugs contained a major drug offender specification, and a specification for forfeiture of drug money. The count for aggravated possession contained a major drug offender specification. Genung pleaded not guilty. After several continuances, the trial court set a trial date of October 16, 2024.

{¶3} On the scheduled trial date, Genung pleaded guilty to aggravated trafficking in drugs and the attendant specifications pursuant to a plea agreement Genung reached with the State. In exchange, the State agreed to dismiss the count for aggravated possession of drugs and its attendant specification. The trial court accepted Genung's plea and found her guilty of aggravated

trafficking in drugs and the attendant specifications. The trial court dismissed the count for aggravated possession of drugs and its attendant specification.

{¶4} The trial court ordered a pre-sentence investigation and set the matter for sentencing on December 3, 2024. At the beginning of the sentencing hearing, defense counsel moved to continue the hearing to allow Genung to attend certain medical appointments prior to being sentenced. The trial court granted defense counsel's motion for a continuance and rescheduled the sentencing hearing to December 31, 2024.

{¶5} The record reflects that the trial court held the December 31, 2024, sentencing hearing via video conference. Defense counsel, Genung, and the assistant prosecutor attended the hearing. At the beginning of the hearing, defense counsel moved to continue the hearing on the basis that Genung had been charged with additional crimes in the Stow Municipal Court. Defense counsel indicated that he needed to investigate those charges, and that Genung "may" want to withdraw her guilty plea based upon the facts and circumstances of the new case.

{¶6} The trial court denied defense counsel's motion for a continuance. In doing so, the trial court indicated that it had already continued the sentencing hearing, and that the case had been pending since November 2023. The trial court then sentenced Genung to 11 to 16.5 years of incarceration, and ordered her to forfeit $6,217.00 to the State. Genung now appeals the trial court's judgment, raising three assignments of error for this Court's review.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST FOR A CONTINUANCE TO EXPLORE WITHDRAWING HER PLEA PRIOR TO SENTENCING, IN VIOLATION OF HER RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

{¶7} In her first assignment of error, Genung argues that the trial court erred by denying her request for a continuance of the sentencing hearing. For the following reasons, this Court overrules Genung's first assignment of error.

{¶8} "An appellate court reviews a trial court's ruling on a motion for a continuance for an abuse of discretion." *State v. Wells*, 2024-Ohio-2155, ¶ 19 (9th Dist.). An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} "In determining whether the trial court abused its discretion by denying a motion for a continuance, this Court must 'apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party.'" *Wells* at ¶ 20, quoting *State v. Dawalt*, 2007-Ohio-2438, ¶ 10 (9th Dist.). The Ohio Supreme Court has explained:

> [i]n evaluating a motion for a continuance, a court should [consider]: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [movant] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*State v. Unger*, 67 Ohio St.2d 65, 67-68 (1981). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id.* at 67, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

{¶10} Here, the trial court accepted Genung's guilty plea on October 16, 2024. The trial court then set a sentencing hearing for December 3, 2024, to allow Genung time to attend certain medical appointments prior to being sentenced. At the start of the December 3, 2024, sentencing

hearing, defense counsel requested a continuance of the hearing on the basis that Genung still needed to attend certain medical appointments. The trial court expressed its concerns that the case had been continued multiple times and was "over age" at that point. The trial court then indicated that it would continue the sentencing hearing one time, and would not grant additional continuances. The trial court rescheduled the sentencing hearing for December 31, 2024.

{¶11} At the start of the December 31, 2024, sentencing hearing, defense counsel moved to continue the hearing because Genung was charged with new crimes in the Stow Municipal Court. Defense counsel indicated that he still needed to investigate the new charges, but that they "may be connected" to the pending case. Defense counsel then indicated that Genung "may" want to withdraw her guilty plea based upon the facts and circumstances of the new case.

{¶12} The trial court denied Genung's motion for a continuance. In doing so, the trial court noted that it had already continued the sentencing hearing, and that the case had been pending since November 2023. The trial court also indicated that it could not "imagine that the two cases are connected in any way, shape or form."

{¶13} On appeal, Genung asserts that the trial court's failure to grant a continuance "den[ied] her a meaningful opportunity to withdraw her plea based on potentially exculpatory developments, violating her right to the effective assistance of counsel and a fair proceeding." In support of her argument, Genung cites case law for the proposition that courts should liberally grant a motion to withdraw a guilty plea made prior to sentencing.

{¶14} Genung has failed to establish that the trial court abused its discretion by denying her motion to continue the sentencing hearing. The record reflects that the trial court granted multiple continuances throughout the pendency of the case, including a continuance of the sentencing hearing to allow Genung time to address certain medical issues. Genung's trial counsel

did not request a continuance so that Genung could move to withdraw her guilty plea; he requested a continuance because Genung "may" have wanted to withdraw her guilty plea in light of the new charges against her in the Stow Municipal Court. This Court cannot say that the trial court's denial of Genung's motion for a continuance of the sentencing hearing was unreasonable, arbitrary, or unconscionable. *Wells*, 2024-Ohio-2155, at ¶ 19 (9th Dist.), citing *Blakemore*, 5 Ohio St.3d 217, at 219. Accordingly, Genung's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**APPELLANT'S GUILTY PLEA WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY WHERE SHE WAS NOT FULLY ADVISED OF THE CONSEQUENCES OF THE MAJOR DRUG OFFENDER SPECIFICATION AND THE INDEFINITE REAGAN TOKES SENTENCING SCHEME, IN VIOLATION OF CRIM. R. 11(C).**

{¶15} In her second assignment of error, Genung argues that she did not knowingly, voluntarily, or intelligently plead guilty because the trial court failed to fully advise her of the consequences of the major drug offender specification and the indefinite sentencing scheme under the Reagan Tokes Law, in violation of Crim.R. 11(C)(2)(a). For the following reasons, this Court overrules Genung's second assignment of error.

{¶16} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Roberts*, 2019-Ohio-4393, ¶ 4 (9th Dist.), quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "In Ohio, the process for accepting pleas of guilty or no contest to felony charges is governed by Crim.R. 11(C)." *Roberts* at ¶ 4.

{¶17} Crim.R. 11(C)(2) requires a trial court to inform a criminal defendant of certain constitutional and non-constitutional rights. *State v. Dalton*, 2009-Ohio-6910, ¶ 9 (9th Dist.).

"Trial courts must strictly comply with the constitutional components of the colloquy, which are set forth in Crim.R. 11(C)(2)(c)." *Roberts* at ¶ 4. "On the other hand, substantial compliance with the requirements of Crim.R. 11(C)(2)(a) and (b) is required." *Id.* "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). If a trial court fails to substantially comply with Crim.R. 11(C)(2)(a) and (b) but at least partially complies with the rule, "the plea may be vacated only if the defendant demonstrates a prejudicial effect." *State v. Clark*, 2008-Ohio-3748, ¶ 32. The test for prejudice "is whether the plea would have otherwise been made." *Nero* at 108.

{¶18} Here, Genung challenges the trial court's alleged failure to fully advise her of her rights under Crim.R. 11(C)(2)(a), which are non-constitutional rights that require substantial compliance. *See Roberts*, 2019-Ohio-4393, at ¶ 4 (9th Dist.). Under Crim.R. 11(C)(2)(a), a trial court must "[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶19} On appeal, Genung argues that the trial court failed to adequately inform her of the consequences of the major drug offender specification and the indefinite sentencing scheme under the Reagan Tokes Law. In support of her argument, Genung asserts that she is a "66-year-old woman with documented cognitive and medical limitations, [who] provided only brief and ambiguous affirmations during the colloquy ('Uh-huh', 'Yeah'), [which] raised serious questions about her comprehension."

{¶20} Genung's argument lacks merit. The record reflects that the trial court informed Genung that the "major drug offender specification means that the minimum penalty for [her] crime is 11 years . . . ." The trial court indicated that it had "authority to go beyond that[,]" but that it would sentence her to the minimum term of 11 years.

{¶21} The trial court also explained that the count for aggravated trafficking in drugs carried an indefinite sentence under the Reagan Tokes Law. The trial court explained that this meant that Genung would receive a minimum and a maximum prison term. The trial court explained that the "maximum term would automatically be the minimum term plus 50 percent of the minimum term[,]" which "would be an absolute maximum of 16 and a half years." The trial court also explained that there was a presumption that Genung would serve the minimum term of her sentence, but that the Adult Parole Authority could extend her sentence up to the maximum sentence based upon her behavior in prison. Throughout the colloquy, Genung indicated that she understood, and—despite Genung's argument to the contrary—nothing in the record demonstrates otherwise.

{¶22} The record reflects that the trial court substantially complied with Crim.R. 11(C)(2)(a). Even if it had not, Genung has not established that she suffered prejudice because she has not argued that she would not have pleaded guilty had the trial court complied with Crim.R. 11(C)(2)(a). *See State v. Diamond*, 2025-Ohio-5084, ¶ 19 (9th Dist.), quoting *Nero*, 56 Ohio St.3d at 108 ("The test for prejudice 'is whether the plea would have otherwise been made.'"). Consequently, Genung's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED BY CONDUCTING SENTENCING VIA VIDEO WITHOUT APPELLANT'S KNOWING, VOLUNTARY, AND ON-THE-RECORD WAIVER OF HER RIGHT TO BE PHYSICALLY PRESENT, IN VIOLATION OF CRIM.R. 43(A) AND DUE PROCESS.**

{¶23} In her third assignment of error, Genung argues that the trial court erred by conducting the sentencing hearing via video conference without obtaining a waiver of her right to be physically present. For the following reasons, this Court overrules Genung's third assignment of error.

{¶24} Crim.R. 43(A)(1) requires that a criminal defendant be physically present for sentencing. *See State v. Gilcreast*, 2020-Ohio-1207, ¶ 25 (9th Dist.) ("A criminal defendant has a fundamental right . . . to be present at all critical stages of his trial, including sentencing."). Crim.R. 43(A)(3) provides that a trial court may conduct a sentencing hearing "with a defendant appearing remotely if the defendant has waived in writing or orally on the record the right to be physically present and agreed to appear by remote presence . . . ."

{¶25} Here, the trial court conducted the December 31, 2024, sentencing hearing via video conference. Genung appeared remotely from the Summit County Jail, and participated throughout the hearing. The trial court's subsequent sentencing entry noted that the parties appeared via video conference, and that:

> [t]he Court waives the Defendant's right to be physically present for the hearing, and specifically finds that the appearance of the Defendant via technology sufficiently guarantees the integrity of the proceedings and protects the parties' interests and rights.

{¶26} On appeal, Genung argues that the trial court erred by waiving her right to be physically present at the sentencing hearing. Genung argues that this was her right to waive, not the trial court's, and that the record contains no verbal or written waiver of her right to be physically present at the sentencing hearing. Genung concludes that this resulted in structural error, warranting reversal.

**{¶27}** Initially, this Court notes that a trial court's violation of Crim.R. 43 is not structural error. *State v. Carter*, 2011-Ohio-4688, ¶ 11 (6th Dist.), quoting *State v. Steimle*, 2011-Ohio-1071, ¶ 17 (8th Dist.) ("[I]t is well-established that 'a violation of Crim.R. 43 is not structural error and can constitute harmless error where the defendant suffers no prejudice.'"); *see State v. Dovala*, 2007-Ohio-4914, ¶ 9 (9th Dist.), citing *State v. Brinkley*, 2005-Ohio-1507, ¶ 117 ("[A]n accused's absence does not automatically result in prejudicial or constitutional error."). Rather, it is subject to a prejudice analysis. *State v. Gilcreast*, 2020-Ohio-1207, ¶ 25, 28 (9th Dist.).

**{¶28}** While not structural error, this Court concludes that the trial court erred by waiving Genung's right to physically present at the sentencing hearing. *See* Crim.R. 43(A); *State v. Corn*, 2021-Ohio-3444, ¶ 34-35 (9th Dist.). The record reflects that the trial court did not address Genung's right to be physically present with Genung or her counsel at the sentencing hearing. Nor did the trial court "inform [Genung] on the record how to, at any time, communicate privately with counsel." Crim.R. 43(A)(2)(d). Instead, in its subsequent sentencing entry, the trial court indicated that it waived Genung's right to be physically present at the sentencing hearing.

**{¶29}** Nonetheless, the record does not demonstrate that Genung suffered prejudice because the trial court lacked discretion in sentencing Genung. *See* R.C. 2925.03(C)(1)(f); *Corn* at ¶ 36. Consequently, Genung has not established reversible error on appeal. Genung's third assignment of error is overruled.

### III.

**{¶30}** Genung's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

ROSEL C. HURLEY, III, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.