DECISION AND JOURNAL ENTRY
{¶ 1} Jason M. Fisher appeals from the Summit County Court of Common Pleas, which convicted him of drug possession. We affirm.
 I. {¶ 2} In May 2004, a grand jury indicted Mr. Fisher on one count of illegal manufacture of drugs in violation of R.C. 2925.04(A), a second degree felony, one count of possession of cocaine in violation of R.C.2925.11(A), a third degree felony, one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor, and one count of possession of marihuana in violation of R.C. 2925.11(A), a minor misdemeanor. In June 2004, the State amended the indictment to include a second count of illegal manufacture of drugs in violation of R.C. 2925.04(A), a second degree felony. Mr. Fisher pled not guilty and moved to suppress the evidence obtained upon the execution of a search warrant. The motion was heard and denied. Prior to trial, the State dismissed the first count of illegal manufacture of drugs.
 {¶ 3} A jury trial was held on November 18-19, 2004. The court dismissed the charge of illegal manufacture of drugs. The jury acquitted Mr. Fisher of illegal use or possession of drug paraphernalia, but convicted him of both possession counts, marihuana and cocaine. The court sentenced him accordingly. Mr. Fisher timely appealed, asserting five assignments of error for review. Certain assignments of error have been consolidated and rearranged to facilitate review.
 II. A. Fifth Assignment of Error
"THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS."
 {¶ 4} Mr. Fisher alleges that the trial court erred in denying his motion to suppress evidence. Specifically, Mr. Fisher asserts that the search warrant was invalid because the basis for probable cause was insufficient. Mr. Fisher also protests that authorization for a night time search was unjustified. We disagree.
 {¶ 5} Ordinarily, a motion to suppress evidence under the Fourth Amendment is reviewed using the standard set forth in Ornelas v. UnitedStates (1996), 517 U.S. 690, 696-97, 134 L.Ed.2d 911. However, while the two issues before us sprout directly from such a motion, we find that each by its particular nature triggers a specific standard of review. Therefore, we address each issue in turn.
1. Sufficiency of the Affidavit — Probable Cause for the Warrant.
 {¶ 6} Mr. Fisher protests that the affidavit's contents were obtained from a confidential informant, which is an insufficient basis for probable cause. That is, because the affidavit in the present case lacked attestation as to the confidential informant's known reliability, the affidavit was unreliable, the finding of probable cause was improper, and the warrant was invalid.
"In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewingcourt is simply to ensure that the magistrate had a substantial basis forconcluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. (Illinois v.Gates (1983), 462 U.S. 213, followed.)" (Emphasis added.) State v.George (1989), 45 Ohio St.3d 325, paragraph two of the syllabus. See, also, State v. Jordan, 101 Ohio St.3d 216, 2004-Ohio-783, at ¶ 38.
Thus, the question posed by Mr. Fisher is whether the affidavit required attestation as to the confidential informant's reliability. However, even upon finding that it did not, the actual question before us is whether the proffered affidavit provided a substantial basis for the magistrate's conclusion that probable cause existed.
 {¶ 7} "There is no need for a declaration of the reliability of an informant when the informant's information is corroborated by other information." United States v. Lancaster (C.A.6, July 28, 2005), ___ F.3d ___, *7 (No. 04-5826), quoting United States v. Sturmoski (C.A.10, 1992), 971 F.2d 452, 457. Accord State v. Karr (1975), 44 Ohio St.2d 163,166. Regarding the necessary corroboration:
"Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common sense, manner." (Citations omitted.) Karr, 44 Ohio St.2d at 167.
Notably, "our review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four-corners of the affidavit." United States v. Frazier (C.A.6, Sept. 6, 2005), ___ F.3d ___, *8 (No. 04-5719), citing Whiteley v. Warden, Wyoming StatePenitentiary (1971), 401 U.S. 560, 568 fn.8, 28 L.Ed.2d 306. Hence, we review the officer's affidavit, which stated in part:
"2. Affiant, within the past three days went to the above described premises utilizing an information source. The source was searched by Akron Narcotics officers and was found not to be in possession of any controlled substances or currency. The source was provided with APD funds. Affiant observed as the source entered the premises. Shortly thereafter the source exited the premises. Upon return, the source delivered to affiant a quantity of crack cocaine that the source stated was purchased within the premises with the funds previously provided. The source was again searched and found again not to be in possession of controlled substances or currency. The substance was field tested by Akron Street Narcotics officers and indicated a positive reaction for the presence of a controlled substance, to wit: crack cocaine.
"3. Affiant, within the past three days, spoke to an information source concerning the alleged drug activity at the above described premises. This conversation took place prior to the controlled buy described above. The same source stated that the occupants of the premises were in possession of a controlled substance, crack cocaine, and were in the process of selling same from that location. The source indicated that the suspects inside the residence were in possession of firearms."
This affiant officer's description of the controlled buy, as corroboration for the informant's additional statement, creates a reasonable inference that the drugs would be found within the residence. A magistrate confronted with this affidavit had a substantial basis for finding probable cause. See George, 45 Ohio St.3d at 330. Mr. Fisher's argument is without merit.
2. Justification for a Night Time Search.
 {¶ 8} Mr. Fisher asserts that the search warrant was invalid because the contents of the affidavit and the warrant were insufficient to justify a night time search. A magistrate's decision to authorize a night time search is reviewed for an abuse of discretion. State v. Heaton
(Feb. 4, 1987), 9th Dist. Nos. 4069 4070, *3-4, citing State v. Marko
(1973), 36 Ohio App.2d 114, 124, and State v. Eichhorn (1975),47 Ohio App.2d 227, 233. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Court of Appeals of Ohio, Ninth Judicial District Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. The warrant states: "Based upon the affidavit(s) a night time search is authorized." The affidavit states, in pertinent part:
"10. Affiant requests authority for a night time search for the reasons that members of the Akron Police Department have witnessed frequent short term traffic into and out of the premises in the late night hours and, through affiant's experience and training, individuals involved in illegal drug sales maintain late hours in pursuit of their illicit enterprise."
Accordingly, the magistrate had a basis for authorizing the night time search, such that the decision was not unreasonable, arbitrary or unconscionable. Therefore, we conclude that the magistrate did not abuse her discretion in reaching this decision. Mr. Fisher's argument is without merit.
 B. Fourth Assignment of Error
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ALLOWING HIGHLY PREJUDICIAL TESTIMONY ABOUT ALLEGED COCAINE RESIDUE, DESPITE AND OVER APPELLANT'S OBJECTIONS AND MOTION TO DISMISS AND DISALLOW THIS TESTIMONY."
 {¶ 9} Mr. Fisher alleges that the trial court erred in admitting certain testimony, in that the testimony was highly prejudicial and should have been disallowed. Specifically, Mr. Fisher explains that the court allowed testimony, over his objection, regarding cocaine residue allegedly observed on a certain baby food jar and a DVD case. Mr. Fisher contends that admission of this testimony was so prejudicial that it warrants reversal of his conviction. We disagree.
 {¶ 10} A trial court's admission of evidence is reviewed for abuse of discretion. State v. Ahmed, 103 Ohio St.3d 27, 2004-Ohio-4190, at ¶ 79. An abuse of discretion is more than an error of law or judgment; it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable, Blakemore, 5 Ohio St.3d at 219, from which we may not merely substitute our judgment for that of the trial court. Pons,66 Ohio St.3d at 621. Thus, we consider the State's argument that there was at least some basis for allowing the evidence.
 {¶ 11} The State's witnesses testified that the residue in the jar was cocaine, based on field tests conducted at the scene. This was directly relevant to the pending charges of illegal manufacture of drugs and possession of cocaine. Evid.R. 401. Furthermore, the State produced supporting evidence that the jar in question was the type commonly used in the manufacture of crack cocaine. We cannot conclude that the trial court abused its discretion in admitting testimony as to a relevant issue concerning a criminal charge. This assignment of error is overruled.
 C. First Assignment of Error
"THE CONVICTION OF APPELLANT FOR THE CHARGE OF POSSESSION OF MARIJUANA AND COCAINE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED."
 Second Assignment of Error
"THE TRIAL COURT INCORRECTLY DENIED APPELLANT'S MOTION FOR ACQUITTAL IN VIOLATION OF CRIMINAL RULE 29; SPECIFICALLY, THERE WAS NOT SUFFICIENT EVIDENCE TO PROVE THE OFFENSES OF POSSESSION OF MARIJUANA AND COCAINE."
 Third Assignment of Error
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND IN VIOLATION OF CRIMINAL RULE 29 (A) AND THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL."
 {¶ 12} Mr. Fisher alleges that the evidence was insufficient to support his conviction for possession because the State failed to prove that Mr. Fisher knowingly possessed the cocaine or marihuana, in that the State did not show that Mr. Fisher had actual possession of the drugs or that Mr. Fisher lived at the residence from which these drugs were seized. Mr. Fisher contends that the only evidence against him was that he was present in the house when the police executed the warrant and discovered the drugs, such that this evidence was insufficient as a matter of law or, taken as a whole, was not so persuasive that a reasonable juror could have found him guilty of the crimes charged. We disagree.
 {¶ 13} Sufficiency of the evidence and manifest weight of the evidence are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380,386. The test for sufficiency is whether the prosecution met its burden of production; manifest weight tests whether the prosecution met its burden of persuasion. Id. at 386-88. However, "a determination that [a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 14} Reversal on manifest weight grounds is reserved for the exceptional case where the evidence demonstrates that the "trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." State v. Otten (1986),33 Ohio App.3d 339, 340. Accord Thompkins, 78 Ohio St.3d at 387. Importantly, a conviction may be upheld even when the evidence is susceptible to some possible, plausible, or even reasonable theory of innocence. See State v. Jenks (1991), 61 Ohio St.3d 259, 272. Similarly, on conflicting testimony, "a conviction is not against the manifest weight of the evidence simply because the [trier of fact believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757.
 {¶ 15} Mr. Fisher's argument focuses on whether he knowinglypossessed the cocaine found on the television or the marihuana found on the living room floor. Mr. Fisher contends that his convictions should be reversed because the State did not prove that he possessed the drugs in accordance with R.C. 2925.11(A).
"[A] person may knowingly possess a substance through either actual or constructive possession. A person has constructive possession of a substance when he is able to exercise dominion or control over it. Circumstantial evidence is itself sufficient to establish dominion and control of the substance. Thus, circumstantial evidence that the defendant was located very close to readily usable drugs may support a conclusion that the defendant had constructive possession. Ownership of the controlled substance need not be established, and possession may be individual or joint.
"* * * It is irrelevant that Defendant did not own the apartment, or the car, in which the cocaine was found or that others were in the apartment with him at the time of the raid. It is also irrelevant that he did not admit that the cocaine was his." (Internal citations and quotations omitted.) State v. Grundy (Dec. 9, 1998), 9th Dist. No 19016, *28-29. See, also, State v. Riley, 9th Dist. No. 20618, *4, 2001-Ohio-1785.
Based on the foregoing legal standard, we find that there was ample evidence presented at trial to show that Mr. Fisher possessed the drugs in question.
 {¶ 16} The State presented testimony by six witnesses: five responding police officers and an expert from the Bureau of Criminal Investigation (BCI). On the night in question, the police performed a hard entry[1]
of the apartment and encountered Mr. Fisher seated in the living room along with a co-defendant, playing a video game. The witnesses described the apartment as small and documented the search with photographs, which were admitted into evidence. In executing the search, the police discovered the drugs to be in plain view — on the floor and on the TV — in a usable form and in reasonably close proximity to Mr. Fisher. The police also discovered other indicators of ongoing drug activity: a razor blade and a DVD case with cutting marks from the razor blade and cocaine residue; a jar with cocaine residue typical for making crack; and a large amount of currency. In addition to the circumstances surrounding the search, the State produced evidence that Mr. Fisher was an occupant of the apartment, or at least more than a transient guest: a utility bill in Mr. Fisher's name, mail addressed to him at that address, and police officers' prior surveillance of him at the address.
 {¶ 17} Based on this evidence, a reasonable finder-of-fact could have found the drugs to be within the possession of Mr. Fisher, and convicted him accordingly. There is no basis from the evidence presented to conclude that the finder of fact lost its way or created a manifest miscarriage of justice. See Otten, 33 Ohio App.3d at 340. Therefore, we find that the conviction was not against the manifest weight of the evidence. Having found that Mr. Fisher's conviction was not against the manifest weight of the evidence, we also conclude that there was sufficient evidence to support the conviction. See Roberts, supra. Accordingly, these three assignments of error are overruled.
 III. {¶ 18} Mr. Fisher's assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Whitmore, J., Concur.
[1] A SWAT team kicked in the door and rapidly secured the area.