DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Anthony D. Norris has appealed from the judgment of the Wayne County Court of Common Pleas which overruled his motion to suppress. This Court affirms.
 I {¶ 2} Defendant-Appellant Anthony D. Norris was indicted on January 20, 2005 on one count of trafficking in drugs, in violation of R.C. 2925.03(A)(2), a felony of the fifth degree; and one count of possession of drugs, in violation of R.C.2925.11, a felony of the third degree. Both counts contained a forfeiture specification, pursuant to R.C. 2925.42.
 {¶ 3} Appellant was arraigned on January 26, 2005 and entered a plea of not guilty to both counts. On March 2, 2005, Appellant filed a motion to suppress evidence resulting from a search warrant issued to search Appellant's premises.
 {¶ 4} On April 28, 2005 the trial court conducted a hearing on Appellant's motion to suppress. The court found that probable cause existed to issue the search warrant and denied Appellant's motion.
 {¶ 5} On November 3, 2005, Appellant appeared before the court and entered a plea of no contest. The trial court found Appellant guilty on both counts and sentenced him to one year imprisonment. On November 10, 2005, the trial court filed a judgment entry journalizing the change of plea and sentencing.
 {¶ 6} Appellant has timely appealed, asserting two assignments of error.
 II Assignment of Error Number One
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION TO SUPPRESS."
 {¶ 7} In his first assignment of error, Appellant has argued that the search warrant affidavit did not establish probable cause. Specifically, Appellant has argued that the affidavit did not express whether the informant who initiated the controlled buy was reliable and that the affidavit failed to establish probable cause that evidence of a crime was presently located at the premises to be searched. We disagree.
 {¶ 8} Normally, "[a] motion to suppress under theFourth Amendment to the United States Constitution involves a mixed question of law and fact; as such, this Court defers to the trial court's findings of fact but conducts a de novo review of the trial court's application of the appropriate legal standard to those facts." (Citations omitted). State v. Thymes, 9th Dist. No. 22480, 2005-Ohio-5505, at ¶ 22. However, the issues raised by Appellant regarding the search warrant affidavit trigger a different, specific standard of review as discussed below.
 {¶ 9} Appellant has argued that the search warrant affidavit was an insufficient basis for probable cause because it relied on information obtained from a confidential informant which was not attested to be reliable by the affiant. Appellant has also argued that the affidavit failed to establish probable cause because it did not establish that evidence of a crime was presently at the location to be searched.
 {¶ 10} This Court, following the guidance of the Ohio Supreme Court has held the following regarding review of the sufficiency of an affidavit is support of a search warrant:
"`In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simplyto ensure that the magistrate had a substantial basis forconcluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. (Illinois v. Gates (1983),462 U.S. 213, followed.)'" (Emphasis added.) State v. Fisher, 9th Dist. No. 22481, 2005-Ohio-5104, at ¶ 6, quoting State v.George (1989), 45 Ohio St.3d 325, paragraph two of the syllabus.
Further, "[t]here is no need for a declaration of the reliability of an informant when the informant's information is corroborated by other information." (Quotations and citations omitted). Id. at ¶ 7. This Court has stated that where an affidavit sufficiently details some of the underlying circumstances, where the reason for crediting the informant is given, and where probable cause is or has been found, this Court should not rely on a hyper-technicality to invalidate a warrant. Id. Instead, the affidavit should be interpreted in a common sense manner. Id.
 {¶ 11} "[P]robable cause is the existence of circumstances that warrant suspicion." (Quotations and citations omitted).State v. Tejada, 9th Dist. No. 20947, 2002-Ohio-5777, at ¶ 8. Therefore, "the standard for probable cause does not require a prima facie showing of criminal activity; rather, the standard requires only a showing that a probability of criminal activity exists." (Quotations omitted). Id. See also, George,45 Ohio St.3d at 329. Furthermore, courts view the totality of the circumstances in making probable cause determinations. Illinoisv. Gates (1983), 462 U.S. 213, 233, 103 S.Ct. 2317,76 L.Ed.2d 527.
 {¶ 12} In the present case, affiant Agent Dennis Cody prepared a thorough affidavit, charting in detail the extensive intelligence the Medway Drug Enforcement Agency ("Medway") had accumulated on Appellant since 2001. The intelligence included numerous confidential sources who alleged that Appellant was selling drugs from various locations in Wayne County. Specifically, the trial court relied on paragraphs 18, 19, and 20 in finding probable cause to issue a warrant.
 {¶ 13} According to those paragraphs, a confidential informant had advised Medway and the Orville Police Department that Appellant was selling crack cocaine from his residence at 1825 West Market Street, Apartment G26, in Orville. This tip, combined with the intelligence at Medway's disposal, led Medway to conduct a controlled buy of crack cocaine from Appellant at his residence. The affidavit related how a confidential informant was searched and equipped with a body transmitter prior to the buy. The affidavit described that agents maintained visual contact with the informant; that the informant was seen entering and leaving Appellant's residence; and that said informant, upon being searched, was in possession of what later field tested positive for cocaine.
 {¶ 14} Notably, our precedent indicates that a controlled purchase of narcotics is sufficient to establish probable cause for a search warrant. In Fisher, the affidavit in question described prior information from a source combined with a controlled drug buy using a confidential informant. Fisher at ¶ 7. This Court held that the subsequent drug buy corroborated the allegations of the source and that the trial court had a substantial basis to find probable cause. Id. In State v.Shaulis, 9th Dist. No. 01CA0044, 2002-Ohio-759, the affidavit in question described a controlled drug purchase using a confidential informant. Id. at ¶ 12. This Court found that the affidavit, based solely on a controlled and electronically monitored purchase of narcotics, was sufficient to form a substantial basis that probable cause existed for a search warrant. Id. at ¶ 20.
 {¶ 15} Based on the foregoing, we find that it was unnecessary for the affidavit to include an attestation regarding the informant's reliability. It is our conclusion that in the totality, sufficient information existed to corroborate the informant's information. Further, "a tip can be sufficient when its key elements are corroborated by police observation or investigation." Tejada at ¶ 9. In this case, there was a controlled purchase which yielded cocaine. As such, we find that the trial court had a substantial basis to suspect that a "probability of criminal activity" existed at Appellant's residence. See Id. at ¶ 8.
 {¶ 16} Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED THE MOTION TO SUPPRESS AS THE FIRST SWORN AFFIDAVIT WAS BASED ON FALSE AND MISLEADING INFORMATION."
 {¶ 17} In his second assignment of error, Appellant has argued that trial court improperly denied his motion to suppress because the affidavit was based on false and misleading information. Specifically, Appellant has argued that Agent Coy failed to notify the court that he relied on hearsay information in preparing the affidavit and that the affidavit contained false information. We disagree.
 {¶ 18} Crim R. 41(C) states that "[t]he finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." Appellant has argued that Agent Coy prepared the affidavit in a manner which made it appear as though he was alleging information based on his personal observations when, in fact, he was not present. Appellant has argued that because the trial court was not notified that the statements were hearsay, it had no way to determine whether the source of the hearsay was credible and whether there was a factual basis for the information.
 {¶ 19} We are not persuaded by Appellant's proffered reading of Agent Coy's affidavit. A close and thoughtful reading of the affidavit reveals that Agent Coy was not alleging facts based upon his personal observations, but simply relating information that Medway had gathered as an organization. For instance, Appellant has argued that Agent Coy's affidavit was misleading because it "appeared" that Agent Coy attested to being the one who observed the informant enter Appellant's apartment, when the record indicates that Tech Agent Lamb actually accompanied the informant.
 {¶ 20} However, we are bound by the four corners of the affidavit. See Fisher at ¶ 7. We find Agent Coy's affidavit to be clear and well detailed. He stated that "[a]gents maintained visual contact with the [informant]" and "[t]he [informant] was observed entering the residence . . ." Nowhere in the affidavit did Agent Coy make any statement that he was the agent on the scene. He simply related the information that Medway received as an organization from its operatives.
 {¶ 21} Further, hearsay is permissible in determining probable cause if the court has reason to believe the source of the hearsay is credible and that there is a factual basis for the information furnished. Crim R. 41(C). In the instant matter, the trial court was aware that Agent Coy did not observe the informant or conduct the controlled purchase. The court knew that Medway agents on the scene conducted the controlled buy and observed the informant entering and exiting Appellant's apartment. Further, as the source of the hearsay concerning the controlled purchase was a law enforcement official, there was reason to believe that he was credible. Ultimately, bearing all of these factors in mind, the court found probable cause existed to issue a search warrant.
 {¶ 22} Once probable cause has been determined and a warrant has been issued, "the duty of the reviewing court is `simply to ensure that the [judge] had a substantial basis for concluding that probable cause existed.'" Shaulis at ¶ 10, quotingGeorge, 45 Ohio St.3d at paragraph two of the syllabus. This determination is afforded great deference and we resolve marginal cases in favor of upholding the warrant. See George, supra;Fisher, supra; Shaulis, supra.
 {¶ 23} As discussed in assignment of error number one, we conclude that the trial court had a substantial basis for concluding that probable cause existed. After a careful review, nothing in Agent Coy's affidavit is fatal to that determination. Agent Coy's affidavit simply related the information Medway had received on Appellant and the particulars of the controlled buy. Any hearsay inherent in that relation was presumably taken into consideration by the trial court when it found probable cause. We will not disturb that determination.
 {¶ 24} Finally, Appellant has argued that Agent Coy's affidavit contained "a lot" of misstatements which tainted the affidavit and the search warrant. Yet, the only misstatement Appellant has specifically referred to in his brief is the portion of the affidavit where "Coy claimed that Teresa Gray was a source of a lot of the information." However, nowhere in the affidavit does Agent Coy claim that Teresa Gray is the source of his information. In fact, the only mention of Teresa Gray in the affidavit is in paragraph six where Agent Coy avers that an informant advised the Orville Police that Appellant sold crack cocaine from Teresa Gray's home every weekend, and in paragraph eight, where an informant alleged that Teresa Gray purchased crack cocaine from Appellant.
 {¶ 25} Appellant has attached an affidavit from Teresa Gray refuting these points. However, we are constrained to the four corners of the affidavit in reviewing a probable cause determination. See Fisher at ¶ 7. Regardless, the trial court based its probable cause determination on the controlled drug buy detailed in paragraphs 18, 19 and 20 of Agent Coy's affidavit. Therefore, any misstatements concerning Teresa Gray are irrelevant to our analysis.
 {¶ 26} Appellant's second assignment of error lacks merit.
 III {¶ 27} Based on the foregoing, Appellant's first and second assignments of error are overruled and the judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Carr, J., concur.