**[Cite as *State v. Corn*, 2021-Ohio-3444.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

ERIC CORN

    Appellant

C.A. No.    20CA011686

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16CR093567

DECISION AND JOURNAL ENTRY

Dated: September 30, 2021

CALLAHAN, Judge.

{¶1}    Appellant, Eric Corn, appeals his convictions by the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2}    On March 8, 2016, law enforcement officers from several cooperating agencies executed a number of search warrants in concert throughout Lorain County. One of the warrants pertained to a residence on Riverside Drive in Lorain, where, after breaching the entrance, officers found Mr. Corn. Inside the premises, officers found bank correspondence addressed to Mr. Corn at that location. They also found over $19,000 in cash divided among six different locations, ten cellular phones, five digital scales, a semiautomatic firearm and a cache of ammunition, a hand press, 1,319.80 grams of marijuana, and 393.20 grams of cocaine.

{¶3}    The grand jury returned an indictment charging Mr. Corn with engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), conspiracy in violation of R.C.

2923.01(A)(1) and (A)(2), trafficking in drugs in violation of R.C. 2925.03(A)(2), possession of drugs in violation of R.C. 2925.11(A), possessing criminal tools in violation of R.C. 2923.24(A), and permitting drug abuse in violation of R.C. 2925.13(B). On June 13, 2016, Mr. Corn waived his speedy trial rights in writing on a form journal entry used by the Lorain County Court of Common Pleas to record the proceedings at pretrial conferences, and the first pretrial conference was continued. Between that date and February 24, 2020, another twenty-four such forms appear in the record. All but five bear the signature of Mr. Corn or his attorney in the section that addresses speedy trial waiver as well as the signature of the trial court judge. The remaining five bear the signature of the trial court judge.

{¶4} On February 14, 2018, Mr. Corn filed a motion to suppress all of the evidence gained as a result of the search of his residence, arguing that the affidavit upon which the warrant issued did not establish probable cause. The trial court scheduled a motion hearing for August 13, 2018, the date of a pretrial conference. That pretrial was continued, however; the hearing on the motion to suppress was also continued to December 10, 2018, and ultimately cancelled. The record contains no further reference to the motion to suppress until the State filed a response on August 24, 2020. The trial court ultimately heard the motion immediately before trial commenced.

{¶5} On February 24, 2020, Mr. Corn moved to dismiss the indictment, alleging that his speedy trial rights had been violated. In that motion, Mr. Corn argued that he waived his speedy trial rights "because he was led to reasonably believe and detrimentally relied" on representations made by the State that English translations of numerous intercepted telephone calls produced in Spanish would be undertaken and provided by the State. On the same date, Mr.

Corn also moved to compel the State to produce English translations of all such calls.[1] On March 10, 2020, the trial court addressed the two motions in a single order, noting that the State had provided copies of more than 17,000 intercepted telephone calls in Spanish along with English language summaries of the calls. The trial court denied the motion to dismiss but granted the motion to compel to the extent that the State was required to provide translations and transcripts of any intercepted calls within two categories: those it intended to introduce at trial and those that contained exculpatory statements.

{¶6} After postponement due to COVID-19, the trial court scheduled a jury trial for August 25, 2020. Five days before trial, Mr. Corn moved to continue the trial, arguing that the State had not provided "pertinent telephone recordings, and the translations of the same if so required." Mr. Corn also moved the trial court to reconsider the earlier ruling on his motion to dismiss for violation of his speedy trial rights. The trial court denied both motions – as well as the motion to suppress – before trial.

{¶7} The State informed the trial court on the record that it intended to proceed only with the charges of trafficking in cocaine and possession of cocaine. A jury found Mr. Corn guilty of both charges, and, based on the jury's findings regarding the weight of the cocaine, the trial court concluded that Mr. Corn was a major drug offender. The trial court merged the convictions for purposes of sentencing and sentenced Mr. Corn to a mandatory term of eleven years in prison. Mr. Corn filed this appeal. His five assignments of error are rearranged for purposes of discussion.

---

[1] A February 28, 2020, journal entry documenting a pretrial conference noted that a hearing was held on the motion to compel, but no transcript of that hearing is contained in the record.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL PURSUANT TO THE SIXTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES AND ART. 1, SEC. 10 OF THE OHIO CONSTITUTION AND R.C. 2945.71 BASED ON IMPROPER INDUCEMENT BY THE STATE TO ENTER INTO MULTIPLE SPEEDY TRIAL WAIVERS IN VIOLATION OF HIS RIGHTS PURSUANT TO THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

{¶8}   Mr. Corn's first assignment of error argues that the trial court erred by denying his motion to dismiss.  Specifically, Mr. Corn argues that he was induced to waive his speedy trial rights over the course of the four years that his case was pending in the trial court by representations by the State that English translations of all of the intercepted telephone calls would be provided to him.

{¶9}   Ohio's speedy trial statute, R.C. 2945.71, provides that an individual who has been charged with a felony must be brought to trial within 270 days of arrest.  R.C. 2945.71(C)(2).  The rights described in R.C. 2945.71 are coextensive with constitutional speedy trial guarantees.  *State v. King*, 70 Ohio St.3d 158, 160 (1994), citing *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987).  Consequently, "an accused's express written waiver of his statutory rights to a speedy trial, made knowingly and voluntarily, also constitutes a waiver of his speedy trial rights guaranteed by the United States and Ohio Constitutions."  *King* at 160, citing *O'Brien* at paragraph one of the syllabus.  A defendant who has waived speedy trial rights "is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time."  *O'Brien* at paragraph two of the syllabus.  *See also State v. Bray*, 9th Dist. Lorain No. 03CA008241, 2004-Ohio-1067, ¶ 8.

{¶10} As an initial matter, Mr. Corn's argument is premised upon the assumption that he executed multiple speedy trial waivers beginning on June 13, 2016, and that each was effective only until the next pretrial date. The tolling events specified in R.C. 2945.72 extend the period in which an accused may be brought to trial from one event to another in the absence of a waiver. *See generally State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 24. Waivers of speedy trial rights, however, do not operate in the same fashion. A waiver of speedy trial rights can be of limited or unlimited duration, but when a written waiver fails to specify an expiration date, it constitutes an unlimited waiver. *Bray* at ¶ 8, citing *State v. Kovacek*, 9th Dist. Lorain No. 00CA007713, 2001 WL 577664, *4 (May 30, 2001), citing *O'Brien* at paragraph two of the syllabus. An unlimited waiver is not effective only until a defendant's next scheduled court date. *State v. Skorvanek*, 9th Dist. Lorain No. 08CA009399, 2009-Ohio-3924, ¶ 18, citing *State v. Smith*, 9th Dist. Lorain No. 98CA007144, 1999 WL 1260872, *3-4 (Dec. 22, 1999).

{¶11} On June 13, 2016, Mr. Corn waived his speedy trial rights in writing on a form journal entry used by the Lorain County Court of Common Pleas to document pretrial proceedings. The waiver did not contain a specific time limitation. This Court has previously considered the nature of waivers contained on this form, concluding "that it operates not as a waiver from one court date to another, but as an unlimited waiver of speedy trial rights." *State v. Brown*, 9th Dist. Lorain No. 20CA011618, 2021-Ohio-2540, ¶ 11, citing *Skorvanek* at ¶ 17-19 and *Smith* at *1, 3-4. Consequently, Mr. Corn's waiver of his speedy trial rights was effective from June 13, 2016, until such time as he filed a formal written objection and demand for trial. *See O'Brien* at paragraph two of the syllabus; *Bray* at ¶ 8.

{¶12} Mr. Corn has not argued that, following his motion to dismiss, he was not brought to trial within a reasonable time. *See O'Brien* at paragraph two of the syllabus. Instead, he

appears to argue that his speedy trial waiver was not knowing and voluntary because it was induced by conduct on the part of the State. His arguments in this regard, however, rely entirely on evidence that is not contained within the record. Mr. Corn's attorney argued in support of the motion to reconsider the motion to dismiss that the State made continuous representations that English translations of intercepted calls would be provided, but the State specifically denied that representation. In any event, the statements made by counsel are not evidence. *State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 11, citing *State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2010-Ohio-6565, ¶ 19, 21, quoting *State v. Haney*, 70 Ohio App.3d 135, 138-139 (10th Dist.1991). The numerous form journal entries that documented pretrial conferences do not substantiate Mr. Corn's claims: the only references to discovery that they contain are notations that discovery had been provided. To the extent that pretrial proceedings may have been conducted on the record, the record on appeal contains no transcripts.

{¶13} During oral argument, Mr. Corn's appellate counsel acknowledged that this Court could not resolve the merits of his first assignment of error based on the existing record. In the alternative, Mr. Corn suggests that this Court should remand this matter to the trial court with instructions to hear evidence. In other words, Mr. Corn asks this Court to remand the case in order to create a record that does not presently exist. This Court cannot do so. Mr. Corn's arguments, which rely on evidence outside the record, cannot be raised in a direct appeal. *See State v. Upchurch*, 9th Dist. Medina No. 20CA0001-M, 2021-Ohio-94, ¶ 17.

{¶14} Mr. Corn's first assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 5**

THE LOWER COURT ERRED IN OVER[R]ULING THE MOTION TO SUPPRESS EVIDENCE.

{¶15} Mr. Corn's fifth assignment of error argues that the trial court erred by denying his motion to suppress evidence gained as a result of the search warrant executed at his residence. This Court does not agree.

{¶16} The Fourth Amendment to the United State Constitution provides that search warrants shall only issue "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *Compare* Crim.R. 41(C). The evidence supporting a search warrant "must be sufficient for the magistrate to conclude that there is a fair probability that evidence of a crime will be found in a particular place." *State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, ¶ 35.

{¶17} The Supreme Court of the United States has explained the standards that apply, respectively, to the magistrate tasked with issuing a warrant and to reviewing courts:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.

*Illinois v. Gates*, 462 U.S. 213, 238-239 (1983), quoting *Jones v. United States*, 362 U.S. 257, 271 (1960), *overruled on other grounds United States v. Salvucci*, 448 U.S. 83, 85 (1980). *See also State v. George*, 45 Ohio St.3d 325 (1989), paragraph one of the syllabus. Like a trial court that rules on a motion to suppress, this Court must consider the totality of the circumstances. *State v. Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, ¶ 15. We do so with reference to the four corners of the affidavit. *State v. Norris*, 9th Dist. Wayne No. 05CA0081, 2006-Ohio-4022, ¶ 25, citing *State v. Fisher*, 9th Dist. Summit No. 22481, 2005-Ohio-5104, ¶ 7. We do not review the question of probable cause de novo:

> In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

*George* at paragraph two of the syllabus. In doubtful or marginal scenarios, the magistrate's determination of probable cause should be afforded "great deference" by reviewing courts. *Id*. at paragraph two of the syllabus. Thus, the question before this Court in reviewing a motion to suppress that questions probable cause for a search warrant is whether the affidavit "provided a substantial basis for the magistrate's conclusion that there was a fair probability" that evidence would be found. (Emphasis omitted.) *George* at 330.

{¶18} The affidavit in this case was sworn by Detective Christopher Colon of the Lorain Police Department on March 7, 2016. Paragraphs one through eleven describe the background of the investigation into a drug trafficking organization operating in Lorain County which, in turn, led Detective Colon to identify Mr. Corn's brother and two individuals named R.E. and R.C. and to obtain authorization to intercept their communications. Paragraphs twelve through twenty describe intercepted telephone conversations and in-person surveillance of the Riverside Drive property between February 3, 2016, and February 27, 2016. According to the affidavit, that combined surveillance connected Mr. Corn and his brother to R.C., who was observed at the Riverside Drive property on multiple occasions. Detective Colon described intercepted telephone calls that referenced police surveillance of the residence and appeared to reference contraband. Paragraphs thirteen, fifteen, and twenty-one described Detective Colon's basis for identifying Mr. Corn as a resident of the Riverside Drive property and as a participant in several intercepted calls.

**{¶19}** Mr. Corn has argued that the affidavit at issue did not establish probable cause to search his residence because it contained information that was stale or irrelevant to the search of the premises. An affidavit that sets forth the grounds for a search warrant must do so with reference to "'facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.'" *State v. Myers*, 9th Dist. Summit No. 27576, 2015-Ohio-2135, ¶ 18, quoting *Sgro v. United States*, 287 U.S. 206, 210 (1932). As this Court has observed,

> While it is true that an affidavit for a search warrant must present timely information, there is no arbitrary time limit for how old the information can be. The problem of stale information normally only arises if a substantial period of time has elapsed between the commission of the crime and the proposed search[.] The alleged facts are timely if they justify the conclusion that the property specified in the warrant is probably on the person or premises to be searched.

(Alterations and omissions in original.) *State v. Ruffin*, 9th Dist. Summit No. 25916, 2012-Ohio-1330, ¶ 10, quoting *State v. Yeagley*, 9th Dist. Wayne No. 96CA0022, 1996 WL 490259, *3 (Aug. 28, 1996). The timeliness of information in an affidavit is evaluated according to all of the surrounding circumstances, and a "'primary consideration'" is "'whether the affidavit describes a single transaction or a continuing pattern of criminal conduct.'" *Myers* at ¶ 18, quoting *United States v. Tucker*, 638 F.3d 1292, 1299 (5th Cir.1981). With respect to drug trafficking, for example, this Court has noted that "the passage of time * * * is less significant * * * than in situations where the affidavit relates to a single instance." *Myers* at ¶ 19. *Compare State v. Jones*, 3d Dist. Marion No. 9-20-04, 2020-Ohio-6667, ¶ 21-24; *State v. Morales*, 10th Dist. Franklin No. 17AP-807, 2018-Ohio-3687, ¶ 21-25.

**{¶20}** Mr. Corn's motion to suppress did not argue that the information in Detective Colon's affidavit was stale. *See, e.g., State v. Thomas*, 3d Dist. Allen No. 1-16-36, 2017-Ohio-4356, ¶ 18. Nonetheless, this Court must consider all of the surrounding circumstances, including the nature of the charges against Mr. Corn, in determining whether the affidavit

provided a substantial basis for the conclusion that there was a fair probability of locating evidence at the Riverside Drive address. *See George*, 45 Ohio St.3d at 330. In that respect, Detective Colon's affidavit set forth the context of an ongoing drug trafficking investigation that spanned the course of several years and implicated many different individuals. The affidavit explained how those individuals led the police to identify Mr. Corn as a potential participant and described specific surveillance that led Detective Colon to believe that evidence related to the ongoing trafficking operation would be found at the Riverside Drive address. Although the surveillance was conducted throughout the month immediately preceding the affidavit, the ongoing nature of the trafficking investigation renders that relatively slight passage of time less significant. *See Myers* at ¶ 19.

{¶21} Affording the magistrate's determination of probable cause deference, as we must, and considering the totality of the circumstances, this Court concludes that the magistrate had a substantial basis for concluding that probable cause existed for the search of the Riverside Drive residence. The trial court, therefore, did not err in denying Mr. Corn's motion to suppress on this basis.

{¶22} Mr. Corn has also argued in his appellate brief that the trial court erred by denying his motion to dismiss because Detective Colon's affidavit contained statements that were deliberately false or made with reckless disregard for the truth. *See generally Franks v. Delaware*, 438 U.S. 154, 171-172 (1978). Apart from a passing reference to *Franks*, however, Mr. Corn did not argue this issue in his motion to suppress. To the extent that the trial court considered Mr. Corn's *Franks* argument regardless, this Court cannot conclude that the trial court erred. "'To successfully attack the veracity of a facially sufficient search warrant affidavit, a defendant must show by a preponderance of the evidence that the affiant made a false

statement, either "intentionally, or with reckless disregard for the truth."'" *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, ¶ 31, quoting *State v. Waddy*, 63 Ohio St.3d 424, 441 (1992), quoting *Franks* at 155-156. Allegations under *Franks* cannot be conclusory; they must, instead, be supported by reliable evidence that supports the claim of deliberate falsehood or reckless disregard for truth. *State v. Jackson*, 9th Dist. Lorain No. 14CA010593, 2015-Ohio-3520, ¶ 10, quoting *Franks* at 171. Absent this showing, an accused cannot meet even the "preliminary burden" of demonstrating that a hearing is warranted and overcoming the presumption of regularity. *State v. Roberts*, 62 Ohio St.2d 170, 178 (1980); *State v. Atkinson*, 9th Dist. Lorain No. 19CA011466, 2020-Ohio-315, ¶ 12.

{¶23} Mr. Corn did not produce any evidence demonstrating that Detective Colon's affidavit contained statements that were made falsely or with reckless disregard for the truth. His arguments in that regard, both during the hearing on the motion to suppress and in his appellate brief, are both conclusory and speculative. This Court cannot conclude, on that basis, that the trial court erred by denying his motion to suppress.

{¶24} Mr. Corn's final argument regarding the motion to suppress is that the trial court erred by denying the motion without first ordering the translation of all of the intercepted telephone calls. As with Mr. Corn's first assignment of error, however, this argument rests upon matters that are outside of the record on appeal. For that reason, this Court cannot consider them. *See Upchurch*, 2021-Ohio-94, at ¶ 17.

{¶25} Mr. Corn's fifth assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3

THE APPELLANT WAS DENIED DUE PROCESS OF LAW AND SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DUE TO STATE INDUCED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶26} In his third assignment of error, Mr. Corn argues that he was denied the effective assistance of appellate counsel because trial counsel did not gain access to the English translations of all intercepted telephone calls.

{¶27} In order to demonstrate ineffective assistance of counsel, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different. *Id.* at 694.

{¶28} In a direct appeal, ineffective assistance of counsel must be demonstrated by evidence within the record. *See generally State v. Madrigal*, 87 Ohio St.3d 378, 390-391 (2000). "'[A] claim of ineffective assistance of counsel on direct appeal cannot be premised on decisions of trial counsel that are not reflected in the record of proceedings * * * [and] [s]peculation regarding the prejudicial effects of counsel's performance will not establish ineffective assistance of counsel.'" *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶ 4, quoting *State v. Leyland*, 9th Dist. Summit Nos. 23833, 23900, 2008-Ohio-777, ¶ 7, citing *State v. Sweeten*, 9th Dist. Lorain No. 07CA009106, 2007-Ohio-6547, ¶ 10–12 and *State v. Downing*, 9th Dist. Summit No. 22012, 2004-Ohio-5952, ¶ 27.

{¶29} As discussed in this Court's disposition of Mr. Corn's first assignment of error, the record on appeal does not contain any information about the State's alleged representations regarding translation of the intercepted phone calls. The substance of those calls is, itself, speculative. Any conclusions regarding the performance of trial counsel with respect to those

calls would also be speculative and cannot form the basis of error on direct appeal. *See, e.g.,* *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, ¶ 69. *See also State v. Castagnola*, 9th Dist. Summit Nos. 29141, 29250, 2020-Ohio-1096, ¶ 27; *State v. Fridley*, 9th Dist. Wayne No. 17AP0029, 2019-Ohio-3412, ¶ 32.

**{¶30}** Mr. Corn's third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE LOWER COURT ERRED AND DENIED THE APPELLANT DUE PROCESS OF LAW WHEN IT DENIED THE DEFENSE MOTION FOR CONTINUANCE.

**{¶31}** Mr. Corn's second assignment of error argues that the trial court abused its discretion by denying his motion to continue the trial date and, in the alternative, that denial of the continuance amounted to a denial of due process. As with Mr. Corn's first and third assignments of error, his argument with respect to the continuance is premised upon alleged representations made by the State regarding translation of the intercepted telephone calls that are absent from the record. As such, they cannot form the basis for error on direct appeal. *See Upchurch*, 2021-Ohio-94, at ¶ 17.

**{¶32}** Mr. Corn's second assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 4

THE APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS WELL AS ART. I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO AS WELL AS OHIO CRIM. R. 43 WHEN THE TRIAL COURT CONDUCTED HIS SENTENCING WITHOUT HIM BEING PHYSICALLY PRESENT AND OVER HIS OBJECTION.

**{¶33}** In his fourth assignment of error, Mr. Corn argues that the trial court deprived him of due process by conducting his sentencing hearing by video during the COVID-19 public health emergency. Based on the circumstances present in this case, this Court does not agree.

**{¶34}** "A defendant has a fundamental right to be present at all critical stages of his criminal trial." *Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, ¶ 83. Similarly, under Crim.R. 43(A)(1), a defendant "must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence, except as otherwise provided by these rules." Crim.R. 43(A)(2) permits the participation of a felony defendant by remote contemporaneous video with a written waiver of physical attendance provided that notice is given to all parties, the defendant can see and hear the proceeding and can both speak and be seen and heard, and provision is made for private communication between the defendant and counsel.

**{¶35}** As a general rule, when a defendant is sentenced by journal entry without being present for a hearing, this Court must reverse. *See State v. Wooden*, 9th Dist. Summit No. 27250, 2015-Ohio-2633, ¶ 16. The absence of a defendant, however, does not always result in prejudicial error. *Grate* at ¶ 83, citing *Snyder v. Massachusetts*, 291 U.S. 97, 107-108 (1934) and *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, ¶ 139. "'[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.'" *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, ¶ 90, quoting *Snyder* at 107-108. Consequently, when a defendant is absent in violation of Crim.R. 43(A), any error can be harmless when no prejudice results. *See State v. Williams*, 6 Ohio St.3d 281, 285-287 (1983). *See also State v. Warren*, 10th Dist. Franklin No. 10AP-376, 2010-Ohio-5718, ¶ 7.

{¶36} Mr. Corn was sentenced on September 24, 2020, and he appeared by remote simultaneous video conference because of the COVID-19 public health emergency. The record demonstrates that Mr. Corn was afforded the opportunity to confer privately with counsel and that he could speak and be seen and heard by the trial court and all other participants. *See* Crim.R. 43(A)(2). Mr. Corn did not execute a written waiver of his right to appear in person as required by Crim.R. 43(A)(2), however, and trial counsel objected to the procedure. Nonetheless, given the circumstances present in this case, this Court concludes that any error in this regard was harmless. The trial court found that Mr. Corn was a major drug offender based on the jury's finding regarding the weight of the cocaine and, pursuant to R.C. 2925.03(C)(1)(f) and R.C. 2929.14(A)(1), sentenced him to a mandatory eleven-year prison term. In other words, Mr. Corn was able to participate fully in the sentencing hearing, and the trial court had no discretion with regard to the sentence imposed upon him.[2] Under these circumstances, we cannot conclude that Mr. Corn suffered prejudice and any error in connection with his sentencing hearing was harmless. *See Davis* at ¶ 90; *Williams* at 285-287.

---

[2] This Court also notes that during the COVID-19 public health emergency, Ohio courts sought to minimize in-person appearances while maintaining court operations. For example, on July 31, 2020, the Supreme Court of Ohio issued an administrative order that provided that "[a]ny requirement in a rule of the Court that a party appear in person * * * may be waived by the Court, local court, hearing panel, board, or commission, as applicable. Appearance * * * by use of technology shall be allowed if it sufficiently guarantees the integrity of the proceedings and protects the parties' interests and rights." *7/31/2020 Administrative Actions*, 2020-Ohio-3861. The proceedings to which the administrative order applied included, but were not limited to, arraignments and pleas. *Id.* Less than three months after Mr. Corn's sentencing, the Chief Justice of the Supreme Court of Ohio emphasized that "[f]irst and foremost, [courts] must operate with a strong presumption toward remote proceedings. * * * In-person appearances should be required only in exceptional circumstances, where there is an immediate need to protect the safety or well-being of a person, and a remote proceeding is not feasible." Supreme Court of Ohio, *COVID Guidance*, Dec. 10, 2020, https://www.supremecourt.ohio.gov/coronavirus/resources/ChiefCommunications/COVID Guidance121020.pdf (accessed Sept. 22, 2021).

{¶37}   Mr. Corn's fourth assignment of error is overruled.

III.

{¶38}   Mr. Corn's assignments of error are overruled.   The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SUTTON, J.
CONCURS.

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶39} I concur in judgment only. I would overrule the fourth assignment of error based on the July 31, 2020, Administrative Order of the Supreme Court of Ohio, *7/31/2020 Administrative Actions*, 2020-Ohio-3861, and the fact that the trial court had no discretion with regard to the sentence imposed upon Corn. I concur with the remainder of the opinion.

APPEARANCES:

ROBERT A. DIXON, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.